**\*E-FILED 5/23/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSANNE PALMER, ET AL.,<br><br>        Plaintiffs,<br>  v.<br><br>FAR WEST COLLECTION SERVICES, INC., ET AL.,<br><br>        Defendants.<br>_____/ | NO. 5:04-cv-3027 RMW (RS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES** |

## I. INTRODUCTION

Plaintiffs Susanne Palmer ("Palmer") and Sharon Hammer ("Hammer") (collectively, "plaintiffs"), move to compel defendant Far West Collection Services, Inc. ("Far West") to provide further discovery responses and to produce documents, pursuant to Fed. R. Civ. Proc. 37(a). The motions were fully briefed and submitted on the papers without oral argument, pursuant to Civil L.R. 7-1(b). Based on all papers filed to date, the Court grants in part and denies in part the motion to compel, for the reasons set forth below.

## II. BACKGROUND

Palmer and Hammer, on behalf of themselves and all others similarly situated, allege that Far West, a collection agency operating in Concord, California, violated the Fair Debt Collection Practices Act ("FDCPA") and the California Unfair Competition Law ("CUCL") by attempting to collect undue fees and

falsely threatening to file litigation which it did not intend to file. Palmer and Hammer seek to enjoin Far West from continuing its allegedly unlawful and predatory collection practices and to require that it compensate the putative class members for injury resulting therefrom. As of the date of this order, however, plaintiffs have not filed a motion for class certification.

Palmer and Hammer seek to compel Far West to provide further answers to Interrogatory Nos. 1, 3, 4, 5, 6, and 8, as well as to produce materials in response to Document Request Nos. 1-9, on the theory that such discovery supports not only their own claims, but is needed for class certification. Far West objects to the requested discovery on the grounds that the inquiries are not narrowly tailored and exceed the scope of discovery ordered by the presiding judge in this action.  Far West also notes that a class has not yet been certified, nor has a motion for class certification been filed and argues that, accordingly, requests for information related to putative class members are premature.

## III. STANDARDS

Fed. R. Civ. Pro. Rule 26(b)(1) provided in pertinent part:

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party....For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. Ru. Evid. 401. Discovery may be limited by the court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

2

## IV. DISCUSSION

### A. Discovery Related to Putative Class Members

Interrogatory Nos. 1 and 4, as well as corresponding Document Request Nos. 1 and 3, request personal information regarding putative class members, such as names, phone numbers, addresses, and the amounts of interest collected from such members by defendants. Far West properly objects to these questions as seeking specific information about the identity of class members which is not relevant at this stage of the litigation. Moreover, it notes that the requested information may be protected by consumers' rights to privacy under the California Constitution. See e.g., Pioneer Electronics, Inc. v. The Superior Court of Los Angeles County, 128 Cal.App.4th 246, 250 (2005). In addition, Far West has admitted that it sent 1,000 form letters which plaintiffs contend violate the FDCPA and that it has attempted to collect interest on returned checks from 4,233 debtors. See Far West's Opposition Memorandum at p. 9, lines 21-23. Moreover, Far West has informed plaintiffs that it collected $4,941.00 in interest from those debtors. Id. at line 24. While the Court is not bound by state privilege law in a federal question case, because the rationale in Pioneer is persuasive and because the requested information is not relevant at this stage of the litigation, the motion to compel further responses to Interrogatory Nos. 1 and 4, as well as to Document Request Nos. 1 and 3, is denied without prejudice. Plaintiffs may renew their motion regarding these inquiries if a class is certified.

### B. Discovery Regarding Net Worth of Far West

Interrogatory No. 3 and Document Request No. 6 ask for the net worth of Far West and the documents regarding the calculation of that worth. In response, Far West provided a dollar figure, as well as copies of its balance sheet and an explanation as to how its net worth was calculated. Plaintiffs complain that Far West's explanation "reveals nothing," but fail to articulate how its response is deficient. As a result, the Court finds that Far West has provided a sufficient response in answer to plaintiffs' inquiries and the motion to compel a further response to Interrogatory No. 3 and to Document Request No. 6 is denied.

### C. Discovery Regarding Litigation Initiated by Far West

Interrogatory No. 5, as well as Document Request Nos. 8 and 9, seek information regarding the number of lawsuits filed since July 2000 by Far West in California to collect a debt. Far West properly

objects to the scope of these questions on the basis that plaintiffs' claims are governed by the one year statute of limitations period under the FDCPA. It also states that it did not file any debt collection lawsuits during the one year period prior to the filing of plaintiffs' complaint. Since Far West's interrogatory response that no relevant lawsuits were initiated in the one year period prior to the filing of plaintiffs' complaint is not entirely clear, Far West shall provide a verified answer to plaintiffs with a specific answer to that inquiry within ten (10) days of the date of this order. In this respect, therefore, the motion to compel a further response to Interrogatory No. 5 is granted. Should Far West discover that any lawsuits were filed during the relevant time period, then it shall provide copies of such documents in response to Document Request Nos. 8 and 9.

### D. Discovery Regarding Far West's Retention of Data Procedures

Interrogatory No. 6 asks Far West to "describe all procedures maintained by [it] to prevent the violations alleged in the Complaint." In corresponding Document Request No. 7, plaintiffs also seek the production of documents addressing such procedures. Far West properly objects to these inquiries as vague and ambiguous, especially in light of the fact that some of plaintiffs' claims have been dismissed by the presiding judge and an amended complaint was filed after this discovery had been served on Far West. The Court agrees with Far West that it is not obligated to sift through plaintiffs' amended complaint and discern each and every violation alleged therein and then determine whether or not it has a procedure in place to prevent such violations. Although plaintiffs state in their motion that these requests are directed towards Far West's "bona fide error" defense, that inquiry is not mentioned in the discovery nor is it clear that the questions call for a response limited to that defense. As a result, Far West's objections to these questions are sustained and the motion to compel further responses to Interrogatory No. 6 and to Document Request No. 7 is denied.

### E. Identity of Far West Employees Regarding Form Letters Sent to Plaintiffs

Interrogatory No. 8 asks for the identity, including the address, title, and job description, of each person who drafted, authorized, or approved the form letters sent to plaintiffs. It also requests that Far West state the date and substance of each action taken. See Plaintiffs' Memorandum at p. 13, lines 16-18. Document Request No. 5 seeks the production of all documents regarding the "creation, use, and

4

modification of" such letters. Id. at p. 16.  In response, Far West objected on the grounds of relevancy and attorney client privilege, as well as on its contention that the discovery seeks materials protected by the work product doctrine.  In its opposition to the motion to compel, however, Far West does not address either the interrogatory or the document request.

A review of the propounded questions reveals that the disclosure of privileged information is not required.  Although an attorney may have drafted, authorized, or approved the form letters, that action, in and of itself, is not privileged.  Moreover, the interrogatory addresses information which may be relevant to plaintiffs' claims that Far West threatens debtors in an attempt to extort unauthorized fees from them with no true intent to initiate any legal action against them if they fail to pay the requested fees.  As a result, the objections raised by Far West to Interrogatory No. 8 and to Document Request No. 5 are overruled and Far West shall provide responses to those inquiries within ten (10) days of the date of this order.

F. Discovery Regarding Creditor Identity

Document Request Nos. 2 and 4 seek the production of all agreements between Far West and the creditors on whose behalf it was attempting to collect money. In response to these requests, Far West states that its clients' contracts are irrelevant to any of the claims presented in this litigation and that, further, the requests exceed the scope of discovery ordered by the presiding judge at the case management conference.  See Case Management Order filed on January 3, 2005.  Although Far West concedes that the identities of its clients may become relevant if and when a class is certified in this action, it objects to providing such information at this stage of the litigation based on the privacy and confidentiality rights of those clients.

Based on the limits placed on discovery by the presiding judge in this action, and in light of the pendency of a motion for summary judgment scheduled for hearing in July and the absence to date of a motion for class certification, it appears that the objections raised by Far West to these document requests are appropriate.  The motion to compel further responses to these requests is denied without prejudice to its re-filing if class certification is granted.

V. CONCLUSION

For the reasons stated above, the Court grants in part and denies in part the motion to compel filed

5

1 | by Palmer and Hammer as set forth below:

2 |     1.    The motion to compel further responses to Interrogatory Nos. 5 and 8, as well as to Document Request Nos. 5, 8, and 9, is granted. Far West shall provide answers and responsive documents to Palmer and Hammer within ten (10) days of the date of this order.

    2.    The motion to compel further responses to Interrogatory Nos. 1, 3, 4, and 6, as well as to Document Request Nos. 1, 2, 3, 4, 6, and 7, is denied.

IT IS SO ORDERED.

Dated: May 23, 2005

/s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

Paul Arons lopa@rockisland.com

O. Randolph Bragg rand@horwitzlaw.com, shannon@horwitzlaw.com

June D. Coleman jcoleman@mpbf.com, mellis@mpbf.com;fwilson@mpbf.com

Mark Ewell Ellis mellis@mpbf.com, restrella@mpbf.com

Andrew Steinheimer asteinheimer@mpbf.com, lmiller@mpbf.com;mellis@mpbf.com;vaxeman@mpbf.com

Ronald Wilcox ronaldwilcox@post.harvard.edu

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

Dated: May 23, 2005

               /s/ BAK
               Chambers of Magistrate Judge Richard Seeborg