**E-FILED on** 11/8/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSANNE M. PALMER and SHARON HAMMER,<br><br>           Plaintiff,<br><br>     v.<br><br>PAUL R. STASSINOS,<br><br>           Defendant. | No. C-04-03026 RMW<br><br>ORDER CLARIFYING DECEMBER 14, 2004, ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>**[Re Docket No. 76]** |
| SUSANNE M. PALMER,<br><br>           Plaintiff,<br><br>     v.<br><br>FAR WEST COLLECTION SERVICES, INC.,<br><br>           Defendant. | No. C-04-03027 RMW<br><br>**[Re Docket No. 63]** |
| SUSANNE M. PALMER,<br><br>           Plaintiff,<br><br>     v.<br><br>I.C. SYSTEM, INC.; and B. BROWN.,<br><br>           Defendant. | No. C-04-03237 RMW<br><br>**[Re Docket No. 48]** |

Defendants in the three cases captioned above seek reconsideration of this court's December 14, 2004, consolidated order on two grounds: (1) the enactment of Proposition 64 applies retroactively to deprive Palmer of all standing to sue under California's unfair competition law ("UCL"); (2) the statutory remedies provided in Cal. Civil Code § 1719 are not "mandatory and exclusive." On this second ground, plaintiff seeks reconsideration of the court's determination that pre-judgment interest is not permitted in addition to statutory remedies and that those statutory remedies are not intended to do away with remedies not addressed by the parties, in particular, contractual remedies, attorney's fees, and post-judgment interest.

## II.  ANALYSIS

**A.    Clarification**

### 1.    "Exclusive and Mandatory" Remedy

As set forth in its December 14, 2004, order, the court held that double recovery was prohibited and that the collection of both the statutory damages provided under § 1719 and pre-judgment interest would result in double recovery against debt collectors. Defendants contend that the court's order was stated so broadly that additional types of recovery (i.e., attorney's fees, post-judgment interest, contractual remedies) would be precluded.

The court stated that the statutory damages in § 1719 were "exclusive and mandatory." Its determination was made in light of the parties' dispute over whether defendants were entitled to both pre-judgment interest and statutory damages on bad checks. The court concluded that § 1719 provided for a mandatory remedy and, because the legislature enacted a new remedy, that mandatory remedy was exclusive. Defendants argue that the legislature's enactment of the relevant provisions of § 1719 was merely a clarification of the existing statutory remedy and not intended to supplant any relief available under California's statutory scheme including pre-judgment interest, post-judgment interest, and, in some instances contractual damages and attorney's fees.

The court finds unpersuasive defendants' arguments for reconsideration of its ruling that pre-judgment interest is not permitted in light of the remedies provided in § 1719. However, with regard to attorney's fees, post-judgment interest and contractual damages, the court clarifies that its analysis of § 1719 was not intended to address or preclude recovery of such relief.

### 2. **Impact on Default Judgments**

Defendant Stassinos complains that the court failed to address the impact of its rulings on default judgments awarded by the state courts providing for both pre-judgment interest and statutory remedies under § 1719. The court noted in its order at footnote 7 that it need not address the issue of the effect on any default judgment awarded by any state court because defendants never collected any such amounts from plaintiffs. No default judgment entered in favor of Stassinos is at issue in this case, and the court declines, as it did before, to issue an advisory opinion as to the effect of its ruling on any other cases.

### B. **Proposition 64**

On the November 2, 2004, after the court had issued its order granting in part and denying in part defendants' motion to dismiss, the voters in California passed Proposition 64. Proposition 64, which became effective the day after its approval by the electorate, *see* Cal. Const., art. II, § 10, subd. (a), limits the standing of plaintiffs to sue under the UCL. It eliminated the provision of Cal. Bus. & Prof. Code § 17204 authorizing initiation of a complaint by "any person acting for the interests of itself, its members, or the general public," substituting a provision for enforcement only by "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204 (2005). Proposition 64 also amended § 17203, which deals with injunctive relief. This section now provides that a private person "may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17203 and complies with Section 382 of the Code of Civil Procedure," which governs class actions. Cal. Bus. & Prof. Code § 17203. The amended statute thus bars representative actions that cannot meet the class certification requirements imposed by Cal. Civ. Proc. Code § 382. Cal. Bus. & Prof. Code § 17203.

Proposition 64 makes clear that, in order to sue for injunctive relief under California's unfair business practices laws, a party must have "suffered injury in fact and [have] lost money or property as a result of such unfair competition." *Id*. § 17204. In addition, Proposition 64 allows representative actions for injunctive relief only if a claimant meets the section's standing requirements and the class being represented meets the California class action lawsuit standards set forth in Cal. Civ. Proc. Code § 382. *See* Cal. Bus. & Prof. Code § 17535.

ORDER CLARIFYING DECEMBER 14, 2004 ORDER; ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION—C-04-03026 RMW, C-04-03027 RMW, C-04-03237 RMW
ERF/MAG                                3

It is undisputed that plaintiff did not lose money or property as a result of the unfair competition activities alleged in these actions, nor has she suffered any other cognizable injury in fact. Defendants ask this court to reconsider its ruling as to whether plaintiff's UCL claims must be dismissed for lack of standing following the passage of Proposition 64.

The retroactivity of Proposition 64 is now hotly contested in California state courts. In April 2005 the California Supreme Court granted review in five of the cases in which the Proposition 64 retroactivity question has been raised. All five cases involve California Court of Appeal opinions: *Californians for Disability Rights v. Mervyn's, LLC*, 126 Cal. App. 4th 386 (2005);[1] *Benson v. Kwikset*, 126 Cal. App. 4th 887 (2005);[2] *Branick v. Downey Sav. & Loans Ass'n*, 126 Cal. App. 4th 828 (2005);[3] *Bivens v. Corel Corp.*, 126 Cal. App. 4th 1392 (2005);[4] *Lytwyn v. Fry's Electronics, Inc.*, 126 Cal. App. 4th 1455 (2005).[5] These courts of appeal decisions have since been depublished pending review by the California Supreme Court and are no longer citable authority. *See* Cal. Rules of Court 976(d), 977(a). In spite of the California Supreme Court's intention to address this issue, defendants seek this court's reconsideration of whether plaintiff's UCL causes of action should be dismissed entirely for lack of standing. Because plaintiff continues to press forward with her cases and now has moved for class certification in *Palmer v. Stassinos* and *Palmer v. Far West*, the court finds that it is appropriate to rule on this matter, rather than awaiting a California Supreme Court determination.

When reviewing issues of state law, a federal court is "bound to follow the decisions of a state's highest court in interpreting that state's law." *Olympic Sports Prod. v. Universal Athletic Sales Co.*, 760 F. 2d 910, 912-13 (9th Cir. 1986) (citing *Aydin Corp. v. Loral Corp.*, 718 F. 2d 897, 904 (9th Cir. 1983)). A federal court should apply state law as it believes the highest court of the State would apply it. *See Jones-Hamilton Co. v. Beazer Materials & Servs., Inc.*, 973 F.2d 688, 692 (9th Cir. 1992).

---

[1] Cal. Supreme Court Case No. S131798.

[2] Cal. Supreme Court Case No. S132443.

[3] Cal. Supreme Court Case No. S132433.

[4] Cal. Supreme Court Case No. S132695.

[5] Cal. Supreme Court Case No. S133075.

Litigants in this case generally advance the same arguments as litigants in other cases in which the retroactive application the Proposition 64 is a central issue. Plaintiff urges that, in the absence of clear voter intent, the court should apply the usual presumption that statutory enactments do not operate retroactively. *Evangelatos v. Superior Court*, 44 Cal. 3d 1188, 1208 (1988) ("[B]oth this court and the Courts of Appeal have generally commenced analysis of the question of whether a statute applies retroactively with a restatement of the fundamental principle that 'legislative enactments are generally presumed to operate prospectively and not retroactively unless the Legislature expresses a different intention.'"). Defendants assert that the materials advocating support of Proposition 64 demonstrate that California voters clearly intended for Proposition 64 to apply retroactively.

The court need not determine whether the legislative intent is clear. As one defendant argues, Proposition 64 falls squarely within a rule on repeal of statutes: absent a savings clause, repeals of statutory enactments must apply retroactively to pending cases. Cal. Gov't Code § 9606. The California Supreme Court explained the application of § 9606 notwithstanding customary presumption against retroactivity in *Callet v. Alioto*, 210 Cal. 65 (1930). However, under Gov't Code § 9606, this presumption does not apply when a statutory enactment repeals a statute that provides a purely statutory cause of action. Gov't Code § 9606 provides that "[a]ny statute may be repealed at any time, except when vested rights would be impaired. Persons acting under any statute act in contemplation of this power of repeal." The California Supreme Court explained the rule and its application—despite the general presumption against retroactivity—in *Callet*:

> It is too well settled to require citation of authority, that in the absence of a clearly expressed intention to the contrary, every statute will be construed so as not to affect pending causes of action. Or, as the rule is generally stated, every statute will be construed to operate prospectively and will not be given a retrospective effect, unless the intention that it should have that effect is clearly expressed. It is also a general rule, subject to certain limitations not necessary to discuss here, that a cause of action or remedy dependent on a statute falls with a repeal of the statute, even after the action thereon is pending, in the absence of a saving clause in the repealing statute. The justification for this rule is that all statutory remedies are pursued with full realization that the legislature may abolish the right to recover at any time. (Sec. 327, Pol. Code.) [the predecessor to Gov. Code § 9606.] . . . This rule only applies when the right in question is a statutory right and does not apply to an existing right of action which has accrued to a person under the rules of the common law, or by virtue of a statute codifying the common law. In such a case, it is generally stated, that the cause of action is a vested property right which may not be impaired

>by legislation. In other words, the repeal of such a statute or of such a right,
>should not be construed to affect existing causes of action.

210 Cal. at 67-68 (citations to cases omitted).

The rule was more recently applied in *Governing Board v. Mann*, 18 Cal. 3d 819 (1977), wherein the California Supreme Court held that a legislative enactment repealed a certain law. The plaintiff argued, as plaintiffs argue here, that even if the law was repealed, it should not apply retroactively to plaintiff's lawsuit based on the traditional rule that statutory enactments are generally presumed to have prospective effect. The Supreme Court rejected the argument: "Although the courts normally construe statutes to operate prospectively, the courts correlatively hold under the common law that when a pending action rests solely on a statutory basis, and when no rights have vested under the statute, a repeal of [the] statute without a saving clause will terminate all pending actions based thereon." *Id.* at 6-7 (internal quotation marks and citation omitted). The justification for this rule is that all statutory remedies are pursued with full realization that the legislature may abolish the right to recover at any time. *Younger v. Superior Court*, 21 Cal. 3d 102, 109 (1978).

Plaintiff contends that the rule that the repeal of statutes operates retrospectively does not apply here (1) because Proposition 64 added standing requirements rather than repealing rights under the UCL, and (2) because the UCL is "derived from" common law. However, these arguments are unavailing. First, it is clear that the amendments to the UCL pursuant to Proposition 64 enacted at least a limited repeal of "private attorney general" standing within the UCL in spite of the use of the word "amends" in the text of the proposition itself. Second, California courts have repeatedly found that UCL torts cannot be equated with their common law ancestors. *See, e.g., Bank of the W. v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992); *Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal. 4th 1245, 1263-64 (2000).

Plaintiff, in addition, contends that *Myers v. Philip Morris Cos., Inc.*, 28 Cal. 4th 828, 839-48 (2002), demonstrates that the California Supreme Court will apply the presumption against retroactive application to a statutory repeal. In that case, the California Supreme Court addressed whether 1998 legislation that repealed a statute creating immunity for tobacco manufacturers had retroactive effect, deciding that, absent clear legislative intent, it did not. *Id.* at 843. Addressing this argument, Judge Charles

R. Breyer of this court distinguished the repeal at issue in *Myers* from the type of repeal at issue with regard to Proposition 64:

> *Myers*, however, involved the repeal of a statutory affirmative defense. The rule articulated in *Mann* and *Callet* applies to statutory causes of action or remedies. This distinction, of course, makes sense: it is one thing to retroactively repeal the right to recover money from someone, it is quite another to retroactively make conduct unlawful that was lawful at the time it occurred.

*Envtl. Prot. Info. Ctr. v. United States Fish & Wildlife Serv.*, 2005 U.S. Dist. LEXIS 7200, *16-17 (N.D. Cal., Apr. 22, 2005). *Myers*, therefore, does not suggest that the California Supreme Court will find Proposition 64 to be purely prospective.

Further, plaintiff asserts that the California Business and Professions Code contains a general savings clause:

> No action or proceeding commenced before this code takes effect, and no right accrued, is affected by the provisions of this code, but all procedure thereafter taken therein shall conform to the provisions of this code so far as possible.

Cal. Bus. & Prof. Code § 4. This general savings clause, according to plaintiff, applies to Proposition 64 by virtue of Bus. & Prof. Code § 12, which provides "[w]henever such reference is made to any portion of this code or any other law of this State, such reference shall apply to all amendments and additions thereto now or hereafter made." Thus, plaintiffs contend that all amendments to the UCL fall under the exception stated in *Callet* and *Mann* that statutory repeal is retroactive unless there is a savings clause.

In support of her argument, plaintiff cites *Peterson v. Bell* in which the California Supreme Court held that "a general savings clause in the general body of the law is as effective as a special savings clause in a particular section." 211 Cal. 461, 475 (1931). Plaintiff also relies on *Sobey v. Molony* for the proposition that section 4 was "intended to cover situations, either where the codification made a substantial change in the law, or where the legislature at that or subsequent sessions amended the law in a substantial manner." *See* 40 Cal. App. 2d 381, 388 (1940). However, the *Sobey* court's statements were made in the context of its determination that "[i]n codifying the law the code commission and the legislature avoided, wherever possible any substantive change in existing law." *Id.* at 384. The change at issue here is not a codification of the law, rather a change in the statutory provision. Section 4 does not appear to operate as a savings clause to alterations to statutes already enacted.

ORDER CLARIFYING DECEMBER 14, 2004 ORDER; ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION—C-04-03026 RMW, C-04-03027 RMW, C-04-03237 RMW
ERF/MAG                                               7

Finally, plaintiff cites to a Ninth Circuit opinion which, when considering a similarly phrased section in the California Corporations Code, stated without further analysis that that section casts doubt on the retroactivity of the code amendments at issue. *Koster v. Warren*, 297 F.2d 418, 420 (9th Cir. 1961) ("In the first place, the Corporations Code itself, §§ 4 and 9, casts doubt on the applicability of the code amendments to pending actions."). Nevertheless, despite this *dicta*, this court believes, based on *Mann* and *Callet*, that the California Supreme Court will find Proposition 64 to apply to pending actions. Accordingly, it dismisses plaintiff's UCL causes of action for lack of standing.

### III.  ORDER

For the foregoing reasons, the court clarifies its December 14, 2004, consolidated order as set forth above and dismisses plaintiff's UCL causes of action for lack of standing.

DATED:  11/8/05                                  /s/ Ronald M. Whyte
                                                 RONALD M. WHYTE
                                                 United States District Judge

1 **Notice of this document has been electronically sent to:**

2 **Counsel for Plaintiff(s):**

3 Ronald Wilcox ronaldwilcox@post.harvard.edu
O. Randolph Bragg rand@horwitzlaw.com
4 Paul Arons lopa@rockisland.com

5 **Counsel for Defendant(s):**

6 Andrew Steinheimer asteinheimer@mpbf.com
Mark Ellis mellis@mpbf.com
7 June D. Coleman jcoleman@mpbf.com

8
Counsel are responsible for distributing copies of this document to co-counsel that have not registered for
9 e-filing under the court's CM/ECF program.

10

11

12 **Dated:**       11/8/05                              /s/ JH
**Chambers of Judge Whyte**
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER CLARIFYING DECEMBER 14, 2004 ORDER; ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION—C-04-03026 RMW, C-04-03027 RMW, C-04-03237 RMW
ERF/MAG                                                                 9