1

2

3                                                         **E-FILED on**   5/18/06

4

5                          IN THE UNITED STATES DISTRICT COURT

6                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

7                                    SAN JOSE DIVISION

8

9   | SUSANNE M. PALMER and SHARON HAMMER, | No. C-04-03026 RMW |

10

11         Plaintiffs,                    ORDER DENYING PLAINTIFFS' MOTION
                                          FOR CLASS CERTIFICATION; GRANTING
         v.                               PLAINTIFFS' MOTION FOR LEAVE TO
12                                        FILE FIRST AMENDED COMPLAINT

13  PAUL R. STASSINOS,
                                          **[Re Docket Nos. 62, 79, 81, 142, 144, 148]**
         Defendant.

14

15  SUSANNE M. PALMER,

16                                        No. C-04-03027 RMW
         Plaintiff,
                                          ORDER DENYING PLAINTIFF'S MOTION
17       v.                               FOR CLASS CERTIFICATION

18  FAR WEST COLLECTION SERVICES, INC.,   **[Re Docket Nos. 118, 120, 124]**

19       Defendant.

20

21       Plaintiffs move for class certification in two similar cases, each based primarily on alleged

22  violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o.

23  One of these cases additionally involves the California Fair Debt Collection Practices Act, Cal. Civ.

24  Code §§ 1788-1788.33.  Plaintiffs also seek leave to amend the complaint in their action against

25  Paul Stassinos.  For the reasons given below, the court denies the motions for class certification, but

26  grants plaintiffs leave to amend the complaint in the case against Stassinos.

27

28

ORDER DENYING PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION—C-04-03026 RMW, C-04-03027 RMW
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT—C-04-03026 RMW
MAG/JAH

1

**I.  BACKGROUND**

2          Suzanne Palmer and Sharon Hammer have both sued at least one debt collector.  Palmer is a

3  plaintiff in both of the cases for which class certification is sought, one against Stassinos (Case No.

4  C-04-03026 RMW), and the other against Far West Collection Services, Inc. (Case No. C-04-03027

5  RMW).  Hammer is a plaintiff only in the suit against Stassinos.  This court has previously

6  dismissed certain claims of these plaintiffs.  *See, e.g.*, *Palmer v. Stassinos*, 348 F. Supp. 2d 1070

7  (N.D. Cal. Dec. 12, 2004).  In the case against Far West, Palmer's remaining causes of action (and

8  the statutes they are based upon) involve demanding excessive collection fees and interest (15

9  U.S.C. § 1692e(2)(A), e(5), f(1); Cal. Civ. Code § 1788.13) and making false or deceptive

10  statements to collect a debt (15 U.S.C. § 1692e, e(5), e(10); Cal. Civ. Code § 1788.13(j)).  In the

11  case against Stassinos, the plaintiffs' remaining causes of action are all for alleged violations of the

12  FDCPA: demanding excessive collection fees and interest (15 U.S.C. § 1692e(2)(A), f(1)), sending

13  collection letters that falsely purported to be from an attorney (15 U.S.C. § 1692e(3)), sending

14  collection letters without required disclosure (15 U.S.C. § 1692g), and using a name other than the

15  true business name on a collection letter (15 U.S.C. § 1692e(14)).

16          The court previously granted in part Palmer and Hammer's motions for class certification.

17  *See Palmer v. Stassinos*, 233 F.R.D. 546 (N.D. Cal. Jan. 12, 2006).  Palmer and Hammer have

18  revised their proposed class definitions and move again for certification of a class in each case.

19  They propose the following class definition for both actions:

20          All persons to whom defendant mailed at least one collection letter since July 27,
            2003 containing the same or similar demands or representations to those in the letters
21          defendant sent to named plaintiff(s), in an attempt to collect a dishonored check
            written in California for personal, family, or household purposes.

22

23  Supplemental Mem. Supp. Pl.s' Mot. Class Certification ("Mot.") at 8.

          Palmer and Hammer move separately to amend their complaint in their action against

24  Stassinos; they seek to add two additional named plaintiffs and four additional defendants.  The two

25  plaintiffs Palmer and Hammer seek to add are the named plaintiffs in a separate action against the

26  same five defendants, Case No. 05-02280-RMW.

27

28

ORDER DENYING PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION—C-04-03026 RMW, C-04-03027 RMW
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT—C-04-03026 RMW
MAG/JAH                                                  2

1

## II.  ANALYSIS

2
**A.  Class Certification**

3           Class certification is a matter within the discretion of the district court, *Zinser v. Accufix*

4  *Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir.

5  2001), although the determination must be supported by sufficient factual findings, *Local Joint*

6  *Executive Bd. Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1161 (9th Cir. 2001), and a

7  proper understanding of the applicable law, *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1237

8  (9th Cir. 2001).

9           Federal Rule of Civil Procedure 23(a) lists four conjunctive criteria that must be met to

10  certify a class action: numerosity, commonality of issues, typicality of the representative plaintiffs'

11  claims, and adequacy of representation.  A class may only be certified if the court is "satisfied, after

12  a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied."  *Gen. Tel. Co. of the*

13  *S.W. v. Falcon*, 457 U.S. 147, 161 (1982).  "The burden of demonstrating that the elements of [Rule

14  23](a) are satisfied is on the party seeking to have a class certified."  *Doninger v. Pac. N.W. Bell,*

15  *Inc.*, 564 F.2d 1304, 1308 (9th Cir. 1977); *see also Gillibeau v. Richmond*, 417 F.2d 426, 432 (9th

16  Cir. 1969)  ("[T]here must not only be allegations relative to the matters mentioned in Rule 23 . . .

17  but, in addition, there must be a statement of basic facts.  Mere repetition of the language of the Rule

18  is inadequate.").

19           The court previously found the numerosity, commonality of issues, and adequacy of

20  representation criteria were satisfied in both actions.  The court, though, still must ascertain whether

21  the named representatives have demonstrated that they satisfy the typicality requirement for each

22  action.

23           The typicality requirement serves to "assure that the interest of the named representative

24  aligns with the interests of the class."  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.

25  1992).  "Typicality refers to the nature of the claim or defense of the class representative, and not to

26  the specific facts from which it arose or the relief sought."  *Id*.  The Ninth Circuit has noted that "the

27  commonality and typicality requirements of Rule 23(a) tend to merge."  *Staton v. Boeing Co.*, 327

28  F.3d 938, 957 (9th Cir. 2003).  The hurdle imposed by the typicality requirement is not great.  *See*

1    *Hanlon* 150 F.3d at 1020 (finding typicality in proposed class with many named representatives

2    because "the broad composition of the representative parties vitiates any challenge founded on

3    atypicality").

4          Plaintiffs' newly-proposed class definition is broad and vague; it describes the classes as

5    those who received a letter "containing the same or similar demands or representations to those in

6    the letters defendant sent to named plaintiff(s)."  The boundaries of these proposed classes are ill-

7    defined and the parties would be likely to spend much time litigating whether certain letters fall

8    within this proposed definition.  Given plaintiffs' vague proposed definition, it is impossible to

9    ascertain whether their claims are typical of the proposed classes as a whole.[1]  Plaintiffs' proposed

10   class definitions must specify the alleged infirmities of the letters that are the subject of plaintiffs'

11   complaints.

12         As plaintiffs have failed to prove they meet Rule 23(a)(3)'s typicality requirement in either

13   action,[2] their motions for class certification are denied (and, given the evolution of the actions and

14   the lack of a clear proposed class definition, the conditional partial class certification of January 12,

15   2006 is withdrawn).  This denial is without prejudice to plaintiffs moving again for class

16   certification, but plaintiffs must tailor their class definitions and should not expect additional leave if

17   their next proposals are not well-defined.

18   **B.  Leave to Amend Complaint Against Stassinos**

19         Palmer and Hammer move for leave to amend their complaint in the action against Stassinos;

20   they wish to add four more defendants and two more plaintiffs.  Stassinos opposes the motion,

21   arguing that the addition of defendants would be futile because the claims do not appropriately relate

22   back to plaintiffs' original claims and the attempt to add plaintiffs is merely an effort to escape the

23

24   ─────────────

25   [1]  Additionally, Palmer and Hammer's lack of actual damages makes them atypical members of the
     classes as proposed, which would have included persons who suffered actual damages.  *See*
26   *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001); *Sandlin v. Shapiro & Fishman*, 168 F.R.D.
     662, 664-65, 667-68 (M.D. Fla. 1996).

27   [2]  As the plaintiffs have not demonstrated that either proposed class meets the requirements of Rule
     23(a), the court does not reach the parties' arguments regarding whether the proposed classes satisfy
28   the requirements of Rule 23(b)(3).

ORDER DENYING PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION—C-04-03026 RMW, C-04-03027 RMW
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT—C-04-03026 RMW
MAG/JAH                                    4

1   impact of (1) the court's previous order dismissing plaintiffs' restitution claims under California's

2   Unfair Competition Law ("UCL") and (2) Proposition 64.[3]

3          Plaintiffs seek to add the following defendants: Legal Recovery Services, Inc.; Legal

4   Recovery Services of Central California, Inc.; Central Valley Legal Recovery Services, Inc.; and

5   Alan Mecham, identified by Stassinos as an officer of Legal Recovery Services, Inc.  Stassinos

6   contends that adding these defendants is impermissible because the one-year statute of limitations on

7   plaintiffs' claims has run and the claims do not relate back under Federal Rule of Civil

8   Procedure 15.[4]

9          Rule 15(c)(3) permits relation back if new defendants have had notice of the pending claims

10  against them.  Plaintiffs' counsel set forth in his declaration that defendant Stassinos testified to

11  having three law offices, in Fair Oaks, Modesto, and Bakersfield.  Based on counsel's declaration

12  regarding Stassinos's deposition, the three Legal Recovery Service entities appear to provide the

13  collections staff for the Law Offices of Paul Stassinos.  Thus, the court finds that plaintiffs have

14  presented sufficient facts to demonstrate that the three corporate defendants that plaintiffs seek to

15  add may be intimately involved in Stassinos's collections practice and thus should have been on

16  notice that a suit against Stassinos would imply a suit against themselves.  As Mechum is an officer

17  of Legal Recovery Services, Inc., knowledge of plaintiffs' claims can be properly imputed to him, as

18  well.  Adding these defendants is therefore permissible.

19         Plaintiffs also seek to add as additional plaintiffs Richard Carrizosa and Mary Pea in the

20  action against Stassinos.  The court previously dismissed Palmer and Hammer's UCL claims for lack

21  of standing.  *See* Order Clarifying Dec. 14, 2004, Order Granting Part & Den. Part Mots. Dismiss;

22  Order Granting Defs.' Mot. Recons. (dkt. # 126) at 3-8; Order Granting Part & Den. Part Def.'s Mot.

23

24

---

25  [3]  Stassinos also argues that the amended complaint should not be allowed because certain
    defendants lack any record of Carrizosa and Pea and that Pea may lack standing to pursue certain
26  claims herself.  These assertions fall short of proving amendment would be futile.

27  [4]  The claims in Palmer and Hammer's original complaint in this action, Carrizosa and Pea's
    complaint in Case No. C-05-02280 RMW, and the foursome's proposed amended complaint are
28  generally the same.

ORDER DENYING PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION—C-04-03026 RMW, C-04-03027 RMW
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT—C-04-03026 RMW
MAG/JAH                                                          5

1   Dismiss (dkt. # 32) at 22-23[5].  Stassinos argues that because Palmer and Hammer lacked standing to

2   pursue those claims, the statute of limitations is not tolled as to Carrizosa and Pea.  Opp'n at 6.

3   Plaintiffs argue that the filing of a putative class action tolls the statute of limitations for all claims

4   by subsequently-added plaintiffs.  Mot. at 3; Reply at 3.  Stassinos is correct on this point.

5          The Ninth Circuit has held that a district court is presumptively required to allow amendment

6   of a complaint unless the defendant can prove "bad faith, undue delay, prejudice to the opposing

7   party, . . . or futility."  *Griggs v. Pace Am. Group*, 170 F.3d 877, 880 (9th Cir. 1999).  Here the issue

8   is whether the proposed amendment is in part futile, which in turn depends on (1) whether Palmer

9   and Hammer's original complaint tolled the statute of limitations on claims for which they had no

10   standing or (2) whether Carrizosa and Pea's claims relate back to the filing date of Palmer and

11   Hammer's original complaint.

12          **1.  Tolling**

13          In *American Pipe and Construction Co. v. Utah*, the Court's narrow holding was that "where

14   class action status has been denied solely because of failure to demonstrate that 'the class is so

15   numerous that joinder of all members is impracticable,' the commencement of the original class suit

16   tolls the running of the statute for all purported members of the class who make timely motions to

17   intervene after the court has found the suit inappropriate for class action status."  414 U.S. 538,

18   552-53 (1974).  The Court based its decision on the policy behind class actions, specifically noting

19   that "the efficiency and economy of litigation" in cases involving numerous parties would be

20   compromised if all potential class members had to petition to intervene in case class certification

21   was denied.  *Id.* at 553.  The Court, affirming the Ninth Circuit's decision, noted that the panel below

22   had distinguished the situation in which the claims of a putative class action representative had been

23   dismissed for lack of standing.  *Id.*; *see Utah v. Am. Pipe & Const. Co.*, 473 F.2d 580, 584 (9th Cir.

24   1973).

25          In *Crown, Cork & Seal Co. v. Parker*, the court expanded on *American Pipe* to hold that the

26   claims of putative class members were tolled between the filing of a putative class action and the

27

28   [5] *Palmer*, 348 F. Supp. 2d at 1088-89.

ORDER DENYING PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION—C-04-03026 RMW, C-04-03027 RMW
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT—C-04-03026 RMW
MAG/JAH                                                      6

1   denial of class certification.  462 U.S. 345, 353-54 (1983).  Plaintiffs' standing was not at issue in the

2   case.  *Id*. at 347-48 (District court denied motion for class certification on grounds "that the named

3   plaintiffs' claims were not typical of those of the class, that the named plaintiffs would not be

4   adequate representatives, and that the class was not so numerous as to make joinder impracticable.").

5   Three members of the Court concurred in the decision, noting, "The tolling rule of *American Pipe* is

6   a generous one, inviting abuse.  It preserves for class members a range of options pending a decision

7   on class certification.  The rule should not be read, however, as leaving a plaintiff free to raise

8   different or peripheral claims following denial of class status."  *Id*. at 354 (Powell, J., concurring).

9       In *Griggs*, the Ninth Circuit reversed a district court's decisions to (1) dismiss a putative class

10  representative's action for lack of standing and (2) deny him leave to amend his complaint because

11  his lack of standing rendered amendment futile.  170 F.3d at 880-81.  Since the Ninth Circuit found

12  the putative class representative had standing, leave to amend his complaint was clearly not futile.

13  *Id*. at 881.  The court declined to address the issue of whether the statute of limitations for claims of

14  putative class members would have been tolled if the proposed class representative had lacked

15  standing to bring claims.  *Id*. at 881 n.4.

16      The court is not aware of, nor have the parties cited, a decision in which the Supreme Court

17  or Ninth Circuit has addressed this precise issue.  The Seventh Circuit has decided the issue, holding

18  that the filing of a purported class-action complaint by a plaintiff who lacks standing does not toll

19  the statute of limitations for those who later seek to intervene as plaintiffs.  *Walters v. Edgar*, 163

20  F.3d 430, 432 (1998) (Posner, C.J.).  The Seventh Circuit's decision was grounded on the inflexible

21  principle that, under Article III of the Constitution, federal courts may only decide only cases and

22  controversies, and a plaintiff without standing presents no live case or controversy.  *Id*. at 432-33.

23      One last case is worth mentioning: *Hobbs v. Police Jury of Morehouse Parish*, 49 F.R.D. 176

24  (W.D. La. 1970) (*per curiam*).  There, the initial plaintiff filed a putative class action but lacked

25  standing to pursue the claims.  *Id*. at 178.  Before the suit was dismissed for lack of standing but

26  after the statute of limitations had run, another plaintiff sought to intervene.  *Id*.  The court ruled that

27  the initial complaint by the  plaintiff without standing did not toll the statute of limitations, making

28  the later plaintiff's intervention untimely.  *Id*. at 180-81.  The court stated this outcome was dictated

1   by certain features of Louisiana law, which divided periods of repose into two classes: prescriptive

2   periods (which could be tolled) and peremptive periods (which could not). *Id*. at 179-80. The case

3   involved the latter, so the standingless plaintiff's complaint could not stop the running of the

4   peremptive period under Louisiana law. *Id*.

5          In *dicta* the court noted, "Had this case dealt with a simple prescriptive period, we may have

6   been inclined to hold that institution of a class action by an improper party interrupted the running of

7   prescription so as to allow a later, proper plaintiff, with appropriate standing, to prosecute the suit."

8   *Id*. at 179. However, the court went on to list "three additional reasons for dismissal": (1) the

9   situation was not one the Rules Advisory Committee had sought to cover with Rule 17(a), which

10   was "intended to prevent forfeiture when determination of the proper party to sue is difficult or when

11   an understandable mistake has been made;" (2) "an intervenor takes the case as he finds it" and must

12   accept the consequences of seeking to join a case which has terminated in a manner unfavorable to

13   him; and (3) the proposed additional plaintiff neither consented to being a class representative nor

14   had standing himself. *Id*. at 180-81.

15          Statutes of limitations are tolled between the filing of a putative class action and the denial of

16   class certification for putative class members who seek to intervene or bring their own suits. *Tosti v.*

17   *City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985). As Carrizosa and Pea sought to intervene

18   in this case by way of Palmer and Hammer amending their complaint (on April 14, 2005) and

19   Carrizosa and Pea filed their own action (on June 6, 2005), both between the dates Palmer and

20   Hammer filed their putative class action (July 7, 2004) and the court denied class certification

21   (today), Carrizosa and Pea's claims benefit from the date of Palmer and Hammer's filing for Palmer

22   and Hammer's currently-viable FDCPA claims.

23          In addition to Palmer and Hammer's remaining FDCPA claims, the proposed amended

24   complaint contains a state-law claim that Palmer and Hammer had no standing to raise, for violation

25   of the UCL. The court believes the Seventh Circuit's reasoning is sound; the filing of Palmer and

26

27

28

ORDER DENYING PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION—C-04-03026 RMW, C-04-03027 RMW
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT—C-04-03026 RMW
MAG/JAH                                                    8

1  Hammer's putative class action cannot have tolled the statute of limitations as to the UCL claim.[6]

2  *See Walters*, 163 F.3d at 432.  Since Palmer and Hammer lacked standing to assert claims under the

3  UCL, the statute of limitations was not tolled for Carrizosa and Pea's subsequently-asserted UCL

4  claims.[7]

5       **2. Relation Back**

6       Rule 15(c) addresses only the relation back in the context of adding defendants, though the

7  Rules Advisory Committee noted that the rule did not address additional plaintiffs because that was

8  an "easier" problem.  *Immigrant Assistance Project of Los Angeles County Fed'n of Labor v. INS*,

9  306 F.3d 842, 858 (9th Cir. 2002).  The Ninth Circuit has stated:

10       An amendment adding a party plaintiff relates back to the date of the original
         pleading only when: 1) the original complaint gave the defendant adequate notice of
11       the claims of the newly proposed plaintiff; 2) the relation back does not unfairly
         prejudice the defendant; and 3) there is an identity of interests between the original
12       and newly proposed plaintiff.

13  *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (1996).  In *Syntex*, the court held that an amended

14  class action securities complaint did not relate back to an initial complaint where the plaintiffs

15  sought to be added had bought "stock at different values and after different disclosures and

16  statements" than the original plaintiffs.  *Id.*

17       Here, relation back fails at the third prong of *Syntex*.  Palmer and Hammer can have no

18  "identity of interests" with Carrizosa and Pea as to the UCL claim.  Palmer and Hammer's lack of

19  standing to raise such claims means they have no interest in them.  Carrizosa and Pea's claims under

20

21

22  [6] Lack of standing is a constitutional limitation on the power of federal courts, *Allen v. Wright*, 468
    U.S. 737, 751 (1984), while class certification is within the discretion of the district court, *Hawkins*,
23  251 F.3d at 1237.  It is one thing to toll a period of limitations because of the discretionary act of one
    judge seeking to manage his or her docket in an efficient manner, but it would be beyond the
24  constitutional power of a federal court to toll a period of limitations based on a claim that failed
    because the claimant had no power to bring it.  (Or to frame it a little differently, courts should be
25  troubled by a discretionary act that extinguishes someone's legal rights, but courts cannot be
    concerned with matters that are beyond their powers to affect.)

26  [7] This conclusion is bolstered by two of the "three additional reasons for dismissal" from *Hobbs*: (1)
    The defect in Palmer and Hammer's claims is not due to an "understandable mistake" of suing the
27  wrong party—rather Palmer and Hammer are themselves the wrong parties, and (2) Carrizosa and
    Pea must take the case as they find it, which in this case is without a prior party with standing to
28  raise a UCL claim.  *See* 49 F.R.D. at 180-81.

the UCL must therefore be treated as filed on the day they were actually brought before this court: April 14, 2005, when Carrizosa and Pea sought to intervene in Palmer and Hammer's suit.

### III.  ORDER

For the foregoing reasons, the court

(1)  denies plaintiffs' motions for class certification *in toto* and without prejudice; and

(2)  grants plaintiffs leave to file their amended complaint in Case No. C-04-03026 RMW but concludes that plaintiffs Carrizosa and Pea are not entitled to the earlier filing date of the complaint by Hammer and Palmer as to the UCL claim.

DATED:      5/18/06

RONALD M. WHYTE
United States District Judge

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiffs:**

3  Frederick William Schwinn        cand_cmecf@sjconsumerlaw.com
   Ronald Wilcox                    ronaldwilcox@post.harvard.edu
4  O. Randolph Bragg                rand@horwitzlaw.com
   Paul Arons                       lopa@rockisland.com

5  **Counsel for Defendants:**

6
   Andrew Steinheimer               asteinheimer@mpbf.com
7  Mark Ellis                       mellis@mpbf.com
   June D. Coleman                  jcoleman@mpbf.com
8  Candace M. Pagliero              cpagliero@paglierolaw.com
   James Raymond Pagliero           jpagliero@paglierolaw.com
9  Thomas Mark Smith                msmith@clifford-brownlaw.com

10
   Counsel are responsible for distributing copies of this document to co-counsel that have not
11 registered for e-filing under the court's CM/ECF program.

12

13

14 **Dated:**        5/18/06                              /s/ JH
                                                **Chambers of Judge Whyte**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION—C-04-03026 RMW, C-04-03027 RMW
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT—C-04-03026 RMW
MAG/JAH                                      11